UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JEAN GUILLAUME,

    Plaintiff,

v.

DYCK-O'NEAL, INC.
*a Texas Corporation,*
LAW OFFICES OF DANIEL C. CONSUEGRA, P.L.
*a Florida Limited Liability Company,* and
JOSHUA D. MOORE, *individually,*

    Defendants.
_____/

## COMPLAINT and JURY DEMAND

1.    Plaintiff, Jean Guillaume, ("Plaintiff") alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*") and the *Florida Consumer Collection Practices Act,* ("*FCCPA*"). Simply put, Defendants threatened to take an action to enforce a debt that could not legally be taken against Plaintiff, in violation of *15 U.S.C. §1692e(5)* and *Florida Statute 559.72(9)*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Additionally *28 U.S.C. §1367* grants this Court supplemental jurisdiction over the state claims contained within. Venue in this District is proper because Plaintiff resides here and Defendants conduct business in this District.

## PARTIES

3. Plaintiff, Jean Guillaume, ("Plaintiff") is a natural person, and citizen of the State of Florida, residing in Saint Lucie County, Florida.

4. Defendant, Dyck-O'Neal Inc., ("Dyck-O'Neal") is a Texas Corporation engaged in the business of collecting consumer debts, which operates from offices located at 1301 South Bowen Road #140, Arlington, Texas 76013.

5. Defendant, Law Offices of Daniel C. Consuegra, P.L. ("Consuegra") is a Florida Limited Liability Company and law firm engaged in the business of collecting consumer debts through litigation, which operates from offices located at 9204 King Palm Drive, Tampa, Florida 33619.

6. Defendant, Joshua D. Moore, ("Moore") is an attorney and member of the Florida Bar doing business from offices located at 9204 King Palm Drive, Tampa, Florida 33619, and is engaged in the business of collecting consumer debts.

7. Defendant Dyck-O'Neal, Defendant Consuegra and Defendant Moore shall herein collectively be referred to as "Defendants".

8. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debts.

9. Defendants regularly collect or attempt to collect debts for other parties. Defendants are "debt collectors" as defined in the *FDCPA* and *FCCPA*.

10. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

11. All acts or omissions of Defendant Moore were within the scope of his employment by Defendant Consuegra or were otherwise authorized by Defendant Consuegra.

12. Defendant Consuegra is vicariously liable for the actions of Defendant Moore.

**FACTUAL ALLEGATIONS**

13. Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a Final Judgment of Foreclosure for the delinquency on a promissory note and mortgage for a residence purchased by Plaintiff located at 522 S.W. Duxbury Avenue, Port Saint Lucie, Florida 34983.

14. On or about January 14, 2010, a Final Judgment of Foreclosure was entered against Plaintiff in the 19th Judicial Circuit of the State of Florida, in and for Saint Lucie County Civil Division bearing case number 562008CA005719.

15. On or about May 20, 2014, Defendant Dyke-O'Neal was assigned or purchased a debt allegedly owed by Plaintiff that was in default. The debt was the judgment and note from Plaintiff's 2010 foreclosure.

16. Plaintiff's mortgage had been in default since January 1, 2008.

17. On or about June 20, 2008 Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Florida.

18. Plaintiff listed the property located at 522 S.W. Duxbury Avenue, Port Saint Lucie, Florida, in his voluntary Chapter 7 petition for bankruptcy and indicated that the property would be surrendered and did not reaffirm the debt. ("Bankruptcy Petition" attached hereto as "Exhibit 1"). See Bankruptcy Petition page 8, 14 and 34.

19. On or about September 23, 2008, Plaintiff received a discharge of debts in the United States Bankruptcy Court for the Southern District of Florida. ("Discharge" attached hereto as "Exhibit 2").

20. On or about July 1, 2014, Defendant Consuegra and Defendant Moore filed and caused to be served upon Plaintiff and summons and complaint seeking to collect an alleged deficiency debt from the foreclosure sale of the 522 S.W. Duxbury Avenue property. ("Complaint" attached hereto as "Exhibit 3"). (The "State Court Action").

21. Based upon the amount due on the promissory note at the time of the foreclosure sale and the value of the property, the deficiency sum amounted to $143,789.39.

22. In the wherefore clause of the Complaint Defendants demand a judgment in the amount of $143,789.39 against Plaintiff.

23. On July 29, 2014, Plaintiff filed an Answer in the State Court Action that included a copy of his bankruptcy discharge. ("Answer" Attached hereto as "Exhibit 4").

## COUNT I

## VIOLATION OF *15 U.S.C. § 1692e(5)*

24. Plaintiff re-incorporates Paragraphs 1 through 23.

25. *15 U.S.C. §1692e(5)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

26. Plaintiff received a discharge in bankruptcy of the debt sought to be collected by Defendants. See "Exhibit 3."

27. Defendants filing of a Complaint requesting a deficiency judgment against Plaintiff violated *15 U.S.C. §1692e(5)*, because Defendants cannot legally collect a debt that was discharged in bankruptcy.

28. As a result of Defendants' conduct Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

29. As a result of Defendants' conduct Plaintiff is entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

## COUNT II
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

30. Plaintiff re-incorporates Paragraphs 1 through 23.

31. *§559.72(9)* of the *FCCPA* states:

> Prohibited practices generally.—In collecting consumer debts, no person shall:
>
> xxxx
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

32. Defendants violated *§559.72(9)* of the *FCCPA* by attempting to enforce a debt through the filing of a complaint seeking a judgment against Plaintiff when no legal right existed to enforce the debt because Plaintiff discharged the debt in bankruptcy.

33. As a result of Defendants' conduct Plaintiff is entitled to an award of statutory damages pursuant to *FCCPA, Fla. Stat. §559.77*.

34. As a result of Defendants' conduct Plaintiff is entitled to an award of costs and attorney fees pursuant to *FCCPA, Fla. Stat. §559.77*.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor, against Defendant Dyke-O'Neal, Defendant Consuegra and Defendant Moore for:

    a.    An award of statutory damages pursuant to *15 U.S.C. §1692k*;

    b.    An award of attorney's fees, litigation expenses and costs of the instant suit pursuant to *15 U.S.C. §1692k*;

    c.    An Award of statutory damages pursuant to *FCCPA, Fla. Stat. §559.77*;

    d.    An award of attorney's fees, litigation expenses and costs pursuant to *FCCPA, Fla. Stat. §559.77*; and

    e.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 3rd day of October, 2014.

    Respectfully submitted,

/s/ Leo W. Desmond
LEO W. DESMOND, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Telephone: 772-234-5150
Facsimile:   772-234-5231
lwd@verobeachlegal.com

6